2020R00651/DS

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Jessica S. Allen |
| v. | : | Mag. No. 21-8359 (JSA) |
| TSC AGENCY, LLC | : | 50 U.S.C. § 4512 |

## I N F O R M A T I O N

The Acting United States Attorney for the District of New Jersey charges:

### (Violation of the Defense Production Act)

1. At all times relevant to this Information:

### The Defendant and Relevant Entities

a. TSC Agency, LLC ("TSC") was a New York limited liability company. TSC provided logistics and freight forwarding services, delivering products from ports of entry to customers. Prior to March 2020, TSC was not involved in the purchase or sale of personal protective equipment ("PPE").

b. TSC partnered with two others (each a "Partner") to acquire to acquire and sell PPE in the United States. The "Partnership" consisted of TSC and the two Partners.

c. The "Grocery Chain" was a company based in New Jersey that operated a chain of popular grocery stores in New Jersey and elsewhere.

**The COVID-19 Pandemic and the Defense Production Act**

d.  In late 2019, a novel coronavirus, SARS-CoV-2, was first detected in Wuhan, China, causing outbreaks of the disease COVID-19 that have since spread globally. COVID-19 was highly contagious and caused severe acute respiratory syndrome. In the United States alone, there have been more than 35 million reported COVID-19 infections and more than 600,000 COVID-19 related deaths.

e.  On or about January 31, 2020, the Secretary of Health and Human Services declared a national public health emergency under 42 U.S.C. § 247d as a result of the spread of COVID-19 to and within the United States. On or about March 11, 2020, the World Health Organization characterized COVID-19 as a pandemic. On or about March 13, 2020, the President of the United States issued Proclamation 9994 declaring a national emergency as a result of the rapid spread of COVID-19 within the United States.

f.  The Centers for Disease Control and Prevention issued guidance to health care providers recommending that they wear PPE to prevent the spread of COVID-19.

g.  In March 2020, COVID-19 was spreading across the United States, threatening to overwhelm hospitals and health care providers who were required to care for rapidly increasing numbers of seriously ill patients with a rapidly dwindling stock of PPE and other necessary health and medical resources.

h.  On March 18, 2020, the President of the United States issued Executive Order 13909, *see* 85 Fed. Reg. 16,227, invoking the powers vested in the President by the Defense Production Act of 1950, 50 U.S.C. § 4501 *et seq*. (the "DPA").

In this Executive Order, the President ordered that "health and medical resources needed to respond to the spread of COVID-19, including [PPE] . . . , meet the criteria specified in section 101(b) of the [DPA] (50 U.S.C. 4511(b))." After the President designated PPE as "scarce and critical" under section 101(b) of the DPA, 50 U.S.C. § 4511, PPE became subject to the anti-hoarding and price gouging provisions of 50 U.S.C. § 4512.

      i.    Specifically, in order to prevent hoarding and price gouging of materials that have been designated by the President as scarce, the DPA prohibits the accumulation of such materials (1) in excess of the reasonable demands of business, personal, or home consumption, or (2) for the purpose of resale at prices in excess of prevailing market prices[.]" 50 U.S.C. § 4512.

### TSC's Price Gouging of PPE Masks

2.    On or about March 17, 2020, the Partnership purchased approximately 250,000 KN-95 filtering facepiece masks from a foreign manufacturer (the "Foreign Manufacturer") for $1.09 per mask with the intention of reselling those masks in the United States at prices in excess of prevailing market prices.

3.    On or about March 18, 2020, one of the Partners, on its behalf and on behalf of TSC, agreed to sell the Grocery Chain 100,000 of the masks that the Partnership had purchased from the Foreign Manufacturer. The Grocery Chain sought to purchase the masks so it could supply them to employees in its stores and to sell them to customers. At the time, New Jersey executive orders issued in

response to the COVID-19 pandemic required individuals to wear PPE masks in public indoor spaces like grocery stores.

4. On or about March 19, 2020, the 250,000 masks arrived at a port of entry in New York.

5. On or about March 23, 2020, TSC delivered 100,000 masks from the port of entry to the Grocery Chain and the Grocery Chain paid TSC $525,000 for the masks. Specifically, TSC and one of the Partners sold the masks to the Grocery Chain at a price of $5.25 per mask, which amounted to a markup of more than 400% from the cost that the Partnership paid to acquire the masks. This markup was not driven by the Partnership's reasonable costs in acquiring and transporting the masks but instead was the result of excessive profit margins.

6. The Grocery Chain did not further mark up the price of the masks to generate profits. Rather, the Grocery Chain provided certain of the masks free of charge to its employees and charged customers less than what it paid to the Partnership on a per-mask basis.

7. From on or about March 18, 2020 through on or about March 23, 2020, in the District of New Jersey, and elsewhere, defendant

**TSC AGENCY, LLC**

knowingly, intentionally, and willfully accumulated (i) in excess of the reasonable demands of business, personal, and home consumption, and (ii) for the purpose of resale at prices in excess of prevailing market prices, materials which had been designated by the President of the United States as scarce materials the supply of which would be threatened by such accumulation, to wit: TSC and one or more

Partners purchased approximately 250,000 PPE face masks from the Foreign Manufacturer and sold them at significantly inflated prices during the COVID-19 global pandemic.

In violation of Title 50, United States Code, Section 4512.

RACHAEL A. HONIG
Acting United States Attorney