

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*David V. Simunovich*  *970 Broad Street, Suite 700*  *main*: (973) 645-2700
*Assistant United States Attorney*  *Newark, New Jersey 07102*  *direct*: (973) 645-2736
 *cell*: (973) 289-7522
 *david.simunovich@usdoj.gov*

August 3, 2021

**Via Email**

Avraham C. Moskowitz, Esq.
Moskowitz & Book, LLP
345 Seventh Avenue, 21st Floor
New York, N.Y. 10001
AMoskowitz@mb-llp.com

 Re: *Plea Agreement with TSC Agency, LLC*

Dear Mr. Moskowitz:

 This letter sets forth the plea agreement between your client, TSC Agency, LLC ("TSC"), through its principal Benjamin Beller ("Beller"), and the United States Attorney for the District of New Jersey ("this Office"). Beller is obligated to all terms and conditions of this plea agreement as principal of TSC, including the obligation to make required payments.

Charge

 Conditioned on the understandings specified below, this Office will accept a guilty plea from TSC to a one count Information charging TSC with violating the Defense Production Act, 50 U.S.C. § 4512. If TSC, through you as its authorized corporate representative pursuant to a written corporate resolution issued by TSC and its sole member, Beller, enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against TSC or Beller for their role in the accumulation and sale of particulate respirator masks in March 2020, including any false statements or misrepresentations TSC or its agents made to U.S. Customs and Border Protection in connection with the importation of the masks into the United States and any false statements made by Beller during an interview with special agents from the Department of Homeland Security, Homeland Security Investigations, on September 11, 2020.

However, if a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, TSC and Beller agree that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed may be commenced against TSC or Beller, as appropriate, notwithstanding the expiration of the limitations period after the signing of the agreement.

Sentencing

The violation of the Defense Production Act, 50 U.S.C. § 4512, to which TSC agrees to plead guilty carries a statutory maximum prison sentence of 12 months, a maximum sentence of 1 year of supervised release, and a maximum fine of $200,000 or twice the gross pecuniary gain to the defendant or twice the gross pecuniary loss to a person other than the defendant, whichever is greater. 18 U.S.C. §§ 3571(c). Fines imposed by the sentencing judge may be subject to the payment of interest.

Further, in addition to imposing any other penalty on TSC, the sentencing judge will order TSC to pay an assessment of $25 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on TSC by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise.  In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of TSC's activities and relevant conduct with respect to this case.

Stipulations

This Office and TSC, through you as its authorized corporate representative, agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement.  This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence.  Moreover, this agreement to stipulate on the part of the United States is based on the information and evidence that the United States possesses as of the date of this agreement.  Thus, if the United States obtains

or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, the United States shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either the United States or TSC from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the United States' right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and TSC waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against the TSC or its principal, Beller. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against TSC or its principal, Beller.

No provision of this agreement shall preclude TSC from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that TSC received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between TSC and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

RACHAEL A. HONIG
Acting United States Attorney

By:   */s/ David V. Simunovich*
DAVID V. SIMUNOVICH
Assistant United States Attorney

APPROVED:

*/s/ Nicholas P. Grippo*

NICHOLAS P. GRIPPO
Deputy Chief, Criminal Division

Pursuant to a corporate resolution, dated July 28, 2021 and executed by Benjamin Beller, the sole member of TSC Agency, LLC, I am authorized to act on the company's' behalf. Pursuant to that corporate resolution, I am authorized to enter a plea of guilty on behalf of TSC Agency in this matter and am further expressly authorized to sign any documents necessary to effect the entry of the plea on behalf of TSC Agency, LLC, including this letter. I have read this letter, including those provisions addressing the charge, sentencing, stipulations, and waiver, on behalf of TSC Agency, LLC. I understand this letter fully. On behalf of TSC Agency, LLC, I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. TSC Agency, LLC wants to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_Avraham C. Moskowitz_ (signature)    Date: 8/13/21

Avraham Moskowitz, Esq., duly authorized corporate representative of TSC Agency, LLC

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, and waiver. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_Avraham C. Moskowitz_ (signature)    Date: 5/13/21

Avraham Moskowitz, Esq.
Counsel for TSC Agency, LLC

5

Plea Agreement with TSC Agency, LLC

Schedule A

1. This Office and TSC Agency, LLC ("TSC"), through its authorized corporate representative, Avraham Moskowitz, Esq., agree to and stipulate to the following facts:

    a. On March 18, 2020, the President of the United States issued Executive Order 13909, in which he found that found that "health and medical resources needed to respond to the spread of COVID-19, including personal protective equipment . . . , meet the criteria specified" in 50 U.S.C. § 4511;

    b. Once the President designated personal protective equipment as "scarce and critical" pursuant 50 U.S.C. § 4511, personal protective equipment became subject to the anti-hoarding and price gouging provisions of 50 U.S.C. § 4512;

    c. After personal protective equipment became subject to the provisions of 50 U.S.C. § 4512, TSC accumulated personal protective equipment, specifically, particulate respirator masks, for purpose of resale at prices in excess of prevailing market price;

    d. TSC sold particulate respirator masks during a peak period of the COVID-19 pandemic in the United States to a business that owns and operates grocery stores in New Jersey and elsewhere ("CUSTOMER-1") at prices in excess of the prevailing market price;

    e. TSC willfully violated 50 U.S.C. § 4512;

    f. In selling particulate respirator masks to CUSTOMER-1, TSC earned a net profit of $67,668.

2. The parties agree that a fine in the amount of $67,668 is a fair and reasonable sentence in this case, taking into account the factors under 18 U.S.C. § 3553(a). Neither party will argue for a sentence other than one that imposes on TSC a fine in the amount of $67,668 (the "Stipulated Sentence"). The parties recognize, however, that the Stipulated Sentence will not bind the District Court.

3. If the District Court imposes the Stipulated Sentence:

    a. This Office will not appeal any component of that sentence. The term "any component of that sentence" means the fine and the special assessment.

b. TSC will not challenge its conviction for any reason by any means, other than ineffective assistance of counsel, and it will not challenge or seek to modify any component of his sentence for any reason by any means, other than ineffective assistance of counsel. The term "any means" includes, but is not limited to, a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, or any other motion, however captioned, that seeks to attack or modify the judgment of conviction or any component of the sentence.

c. These waiver provisions, however, do not apply to any component of the sentence that is below an applicable statutory minimum penalty or above an applicable statutory maximum penalty for the offense of conviction.