

## MOSKOWITZ & BOOK, LLP

Avraham C. Moskowitz
AMoskowitz@mb-llp.com

345 Seventh Avenue, 21st Floor
New York, NY 10001
Phone: (212) 221-7999
Fax: (212) 398-8835

April 12, 2022

**BY ECF**
Hon. Jessica Allen
U.S. Magistrate Judge
U.S. Courthouse
50 Walnut Street
Newark, N.J. 07101

<u>United States v. TSC Agency, LLC</u>
21 M 8359

Dear Judge Allen:

  This letter is respectfully submitted in connection with the sentencing of the defendant, TSC Agency, LLC, ("TSC") that is scheduled to take place before Your Honor on April 26, 2022.

  TSC is a small and modestly successful business that helps importers bring goods into the United States. When the Covid-19 pandemic hit the United States in March 2020, TSC became overwhelmed trying to deal with the chaos that the pandemic wreaked on the shipping industry. Uncertain about whether it would be able to survive while the world economy began to shut down, TSC entered into a transaction outside its normal business, agreeing to partner in a deal to buy and sell KN-95 masks from China. When the masks arrived in the United States, TSC failed to check on the prevailing market price for such masks and consequently, sold them on the open market to the highest bidder, in violation of the Defense Production Act that had been invoked by President Trump just the day before.

  As will be discussed in greater detail below, TSC is a responsible corporate citizen that has never before been involved in illegal conduct. Indeed, because of its pivotal role in helping bring goods into the country, TSC has played an important role throughout the pandemic in helping the movement of imported personal protective equipment ("PPE") to medical providers and schools in an orderly and efficient manner. TSC and its principal sincerely regret their mistake and understand that TSC will pay a financial price for its actions, although it hopes that the Court will recognize the context in which the mistake was made and impose a fine that will not cripple or destroy TSC's ability to continue to do business at a time when the shipping industry is still suffering from supply chain problems caused by the pandemic.

Honorable Jessica Allen
April 12, 2022
Page 2

A. <u>The Offense Conduct</u>

The nature of the offense is accurately described in the Information filed by the Government and in the presentence investigation report ("PSR") prepared by the Probation Department and accordingly, will not be discussed at length herein. It is important to note however, that the transaction in question took place during a confusing and chaotic time, when the rules were unclear and were changing on almost a daily basis. Thus, as noted in the PSR (¶ 13-16), TSC and its partners purchased the masks at issue on March 17, 2020, the day before the President issued Executive Order 13909 invoking the Defense Production Act, and negotiated the sale of the masks on March 18, 2020, the same day that the executive order was issued. The goods arrived in the United States on March 19 and were delivered to the purchaser on March 23, 2020, the same day that Executive Order 13909 was published in the Federal Register (See Exhibit A attached hereto) and President Trump signed Executive Order 13910 to prevent hoarding of health and medical resources necessary to respond to the spread of Covid-19 within the United States. (See "Notice of Designation of Scarce Materials or Threatened Materials Subject to Covid-19 Hoarding prevention Measures Under Executive Order 13910 and Section 102 of the Defense Production Act of 1950" issued by the Department of Health and Human Services on March 25, 2020, attached hereto as Exhibit B). It is also important to note that although the masks at issue were undoubtedly subject to the aforementioned Executive Orders, those orders were not accompanied by specific regulations stating the maximum price at which the masks could be sold or even how a seller could determine the maximum price at which the masks legally could be sold. While it is undisputed that TSC should have taken steps to attempt to determine the prevailing market price for the masks and that its failure to do so was a violation of the Defense Production Act, it is respectfully submitted that the confusion and uncertainty prevailing in the marketplace at the time of the transaction in question is a mitigating factor that the Court should consider in imposing sentence upon TSC.

B. <u>The History and Characteristics of the Defendant</u>

As detailed in the PSR, TSC is a limited liability corporation established by its sole member, Ben Beller, in September 2016. TSC and its sister company, Tri-State Forwarding, LLC, provide logistical advice and services to companies importing goods into the United States. TSC acts as a middleman and does not take title to the goods being imported, but rather, helps its clients in many ways, including finding truckers to deliver the goods after they clear customs and finding a warehouse to store the goods before they can be delivered or sold. In the short period that it has been in existence, TSC has earned an excellent reputation in the industry, as evidenced by the remarkable growth in its gross revenue over the past several years. Although TSC has survived the pandemic and even managed to grow during these difficult times, like many businesses that rely on the importation of goods into the United States, it is currently experiencing a cash flow crunch as a result of the supply chain bottleneck. Thus, Mr. Beller, in his letter to the Court (Ex. C), explains

Honorable Jessica Allen
April 12, 2022
Page 3

> It is no secret that the most talked about issue today is the massive supply chain bottle neck. The exorbitant cost of freight being charged by the carriers is causing many companies to short ship, not ship at all, and or close down. The supply chain problems have created cash flow problems for TSC, which only gets paid after the goods are delivered. I have taken a great deal of the profits and reinvested them back into the company to service our customers. I have many outstanding bills domestically and internationally which, we are thank G-d able to pay slowly, as money trickles in. If our clients continue to pay for our services, we will survive the pandemic related supply chain problems. Unfortunately, over the past year, payments have been slow, as our clients too have been impacted by the supply chain problems.

In imposing sentence in this case, it is certainly appropriate for the Court to consider not only the amount of the fine to be imposed, but also whether to allow TSC to pay the fine in installments over a reasonable period of time. Allowing TSC to pay its fine in installments will ensure that the penalty imposed will not destroy its business, a result that nobody involved in this case desires.

Finally, in imposing sentence in this case, it is also appropriate to consider the character of the owner of TSC, Ben Beller ("Ben"), a thirty-two-year-old father of three, with no criminal record. As he explains in his letter to the Court, Ben entered into the deal at issue with no experience in the PPE industry and with no knowledge of the market for such goods, "hoping that the profits from the deal would help stabilize the company's finances." As he candidly admits, "It was a bad mistake and frankly a bad business decision." Ben has expressed genuine remorse for his poor decision, stating

> Your Honor, I humbly apologize for my actions. I realize that my conduct, even though done with no bad intentions, was wrong and I am deeply remorseful. I should have investigated what the prevailing price was for PPE and made sure that I did not sell it at a higher price. My failure to do so was wrong and certainly does not represent who I am as a person or how my company normally does business… I recognize that I did not live up to my usual high standards of comportment. I sincerely regret and am embarrassed by the actions I took…

Ben's true character is better illustrated by the communal and charity work that he has done over the past few years, some of which he describes in his letter to the Court. TSC's mistake is an aberration both for the company and for its owner which is unlikely ever to be repeated. It is respectfully submitted that the sentence imposed on TSC should reflect the aberrational nature of the conduct and the valuable work TSC has otherwise performed during the pandemic.

Honorable Jessica Allen
April 12, 2022
Page 4

                                                Respectfully submitted,

                                                Avraham C. Moskowitz

cc: AUSA David Simunovich (by email)